No. 48,647

PHILLIP G. WRAY, *Appellant,* v. STATE OF KANSAS DEPARTMENT OF REVENUE, *Appellee.*

(579 P.2d 717)

Opinion filed June 10, 1978.

*Phillip G. Wray,* of Topeka, *pro se,* argued the cause and was on the brief for the appellant.

*Nancy L. Suelter,* of the Department of Revenue, argued the cause, and *Benjamin J. Neill,* supervising attorney, and *Karen L. Borell,* legal intern, were with her on the brief for the appellee.

*Per Curiam:* This is an appeal from an assessment of income tax liability made by the director of taxation. The taxpayer, Phillip G. Wray, appealed directly to the district court of Shawnee county from the decision of the director of taxation without first seeking a hearing before the state board of tax appeals as authorized by K.S.A. 74-2438. On motion of the director of the department of revenue, the district court dismissed the appeal because the taxpayer had failed to perfect his appeal to the state board of tax appeals and as a consequence had failed to exhaust his administrative remedies. We have concluded that the district court properly dismissed the action. The taxpayer attempted to appeal to the district court directly from the order of the director of taxation. Such an appeal is not authorized by the appeal statute (K.S.A. 74-2426). The appeal to the district court under that statute must be from the order of the state board of tax appeals as distinguished from an order of the director of taxation. (*Northern Natural Gas Co. v. Dwyer,* 208 Kan. 337, 343, 492 P.2d 147

[1971]; *Panhandle Eastern Pipe Line Co. v. Herren,* 208 Kan. 119, 409 P.2d 416 [1971].)

The state board of tax appeals is the highest administrative tribunal established by law to determine tax liability. Constitutional issues may properly be considered by the state board of tax appeals. (*Topeka Cemetery Ass'n v. Schnellbacher,* 218 Kan. 39, 542 P.2d 278 [1975].) A person aggrieved by any finding, ruling, order, decision, or other final action of the director of taxation is provided an appeal to the state board of tax appeals (K.S.A. 74-2438). Such an administrative appeal is a condition precedent to the right of an aggrieved taxpayer to appeal to a district court. Here the district court properly dismissed the taxpayer's action for want of jurisdiction since the taxpayer failed to exhaust his administrative remedies as provided by statute.

The judgment of the district court is affirmed.