No. 58,323

STATE OF KANSAS, *ex rel.*, RICHARD M. SMITH, LINN COUNTY ATTOR-NEY, *et al.*, *Plaintiffs*, and LINN VALLEY LAKES, A Kansas Limited Partnership, *Plaintiff/Appellant*, v. VICTOR W. MILLER, *et al.*, *Defendants/Appellees*.

(718 P.2d 1298)

Opinion filed May 2, 1986.

*James L. Wisler*, of Mound City, argued the cause, and *Donald J. Horttor*, of Cosgrove, Webb and Oman, of Topeka, was with him on the brief for appellant.

*Carl A. Gallagher*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellees Kansas State Board of Education and Dale Dennis, Assistant Commissioner for Financial Services, Kansas State Department of Education.

*Larry T. Hughes*, of the Kansas Department of Revenue, Division of Property Valuation, was on the brief for appellee Victor W. Miller.

The opinion of the court was delivered by

HOLMES, J.: Linn Valley Lakes, a Kansas limited partnership, (Linn Valley) appeals from an order dismissing its action filed against Victor W. Miller, Director, Division of Property Valuation, Kansas Department of Revenue; the Kansas State Board of Education; and Dale Dennis, Assistant Commissioner for Financial Services, Kansas State Department of Education. Appellant's action was dismissed for failure to exhaust its administrative remedies.

The underlying issue of which appellant complains is the ad valorem tax assessment value placed upon certain real properties owned by it in Linn County, Kansas. The facts are not in dispute. Linn Valley is engaged in the development of 2,000 acres of land in

northern Linn County as a recreational lake area. Prior to 1984, the holdings of Linn Valley were assessed at the following rates:

$75/acre for all property remaining unplatted and not for sale;
$75/lot for all property platted and for sale but still in the hands of the developer;
$150/lot for camper lots owned by individuals;
$200/lot for "fifth tier" lots owned by individuals;
$220/lot for "third and fourth tier" lots owned by individuals;
$250/lot for "second tier" lots owned by individuals; and
$275/lot for "waterfront lots" owned by individuals.

This case arose after publication of the 1983 Assessment-Sales Ratio Study by the Director of Property Valuation. This study revealed figures for Linn County which prompted an increase in the valuation of the tracts being developed by Linn Valley. These increases ranged from $25 an acre or lot for property still in the hands of the developer to a $350 increase in the valuation of waterfront lots in the hands of private parties.

Near the end of 1984, Victor W. Miller, the new State Director of Property Valuation, contacted the Board of County Commissioners of Linn County pointing out the disparity in the lot valuation of property held by the developer compared to the valuation of identical property when it was held by private individuals. On February 25, 1985, the Linn County Appraiser agreed to increase the assessed value of the land in the possession of the developer, as follows:

| | |
|---|---|
| Waterfront (large lake) . . . . . . . . . . . . . . . . . . | $625.00 |
| Waterfront (small lake). . . . . . . . . . . . . . . . . . | 275.00 |
| Second Tier . . . . . . . . . . . . . . . . . . . . . . . . . . | 400.00 |
| Third and Fourth Tier . . . . . . . . . . . . . . . . . . | 350.00 |
| Fifth Tier, etc. . . . . . . . . . . . . . . . . . . . . . . . . | 300.00 |
| Mobile home and camper . . . . . . . . . . . . . . . . | 250.00 |

Plaintiff appealed the valuations to the Board of County Commissioners sitting as the County Board of Equalization, which upheld the valuations. In its brief plaintiff states that it has appealed that decision to the Board of Tax Appeals (BOTA), but the record does not indicate the outcome of the proceeding. We assume that the BOTA may be waiting upon a decision in this case before proceeding with the Linn Valley assessment appeal.

On January 31, 1985, this action was filed in Linn County District Court by the State of Kansas on relation of the County Attorney, the Board of County Commissioners of Linn County, the County

Appraiser and Linn Valley. On a motion for change of venue, the case was transferred to Shawnee County District Court on February 13, 1985. The plaintiffs, except Linn Valley, filed a motion to dismiss the petition and that motion was sustained as to all plaintiffs except Linn Valley. Linn Valley filed an amended petition in which it sought certain interlocutory orders, a determination that the assessment-sales ratio study statutes, K.S.A. 79-1435 *et seq.*, and the School District Equalization Act, K.S.A. 72-7030 *et seq.*, are unconstitutional, orders in mandamus and quo warranto and other relief. That action was dismissed May 8, 1985, for failure of Linn Valley to exhaust its administrative remedies. Linn Valley appealed to the Court of Appeals and the case was transferred to this court pursuant to K.S.A. 20-3018(c).

The trial court, in dismissing this action, stated in its opinion:

"After the Supreme Court's ruling in *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. 960, 666 P.2d 698 (1983), it seems that the only viable alternative open to an aggrieved taxpayer is through administrative procedures. The Court referring to K.S.A. 79-2005 stated that an aggrieved taxpayer's 'sole remedy is now to file an application for refund within the thirty-day period with BOTA. This statutory change achieved the legislative objective of eliminating direct action in the district court, thus channeling all tax matters through BOTA, the paramount taxing authority in the state.' *Id.* at 964. If the taxpayer is unhappy with his results with BOTA, he can appeal any order of BOTA including original proceedings, pursuant to K.S.A. 74-2426. *Id.* at 964-965.

"An aggrieved taxpayer may also resort to his local County Board of Equalization. K.S.A. 79-1601 *et seq.* Mandamus is an extraordinary remedy unavailable if there is an ordinary remedy. *Board of Educ. Unified School Dist. No. 464 v. Porter*, 234 Kan. 690, 676 P.2d 84 (1984). Further, mandamus will not lie where petitioner has not availed himself of and exhausted other adequate remedies such as adequate administrative remedies. *Tri-County, supra.*"

In *Tri-County Public Airport Authority v. Board of Morris County Comm'rs*, 233 Kan. 960, 666 P.2d 698 (1983), the taxpayer, by way of mandamus, sought a determination that certain real property was exempt from ad valorem taxation. Justice Prager reviewed at length the procedures available to a taxpayer, both before and after the comprehensive tax procedure legislation adopted by the legislature in 1980. In commenting on the legislative goal of adopting one uniform tax procedure, the court stated:

"These basic objectives for tax procedural reform are clearly set forth in the minutes of the House Committee on Assessment and Taxation meeting held on March 3, 1980. Following hearings before the committee, the legislature enacted several bills which incorporated the proposed statutory changes and developed a legislative scheme involving procedure *in all types of tax cases*, including a method

of appeal to the district courts *in all cases* where a taxpayer deems himself aggrieved by orders of BOTA. All of these bills were enacted and approved by the Governor in April 1980, and became effective either during that month or on July 1, 1980, after the effective date of all the new statutory provisions. The new statutory provisions made significant changes in the remedies provided to aggrieved taxpayers *in all areas of ad valorem taxation,* including cases where a taxpayer claimed an exemption from taxation." p. 964. (Emphasis added.)

Following a discussion of the specific 1980 legislative changes, the court went on to state:

"The well-recognized rule in this state is that where a full and adequate administrative remedy is provided in tax matters by statute, such remedy must ordinarily be exhausted before a litigant may resort to the courts. [Citations omitted.]" pp. 966-67.

Appellant maintains that it has no adequate administrative remedy because the relief prayed for in its petition is beyond the scope of the authority of either the County Board of Equalization or State Board of Tax Appeals. Linn Valley postulates that the doctrine that requires exhaustion of administrative remedies does not apply in this situation because such procedure would be clearly futile in that the BOTA does not have the authority to rule upon the constitutionality of statutes or provide the relief sought by way of mandamus and quo warranto. We do not agree with appellant's arguments. A party aggrieved by an administrative ruling is not free to pick and choose a procedure in an action in the district court in order to avoid the necessity of pursuing his remedy through administrative channels. Since the adoption of the act for judicial review and civil enforcement of agency action (K.S.A. 77-601 *et seq.*), it would appear that relief such as is sought here should be raised as new issues in the district court on appeal from the BOTA. See K.S.A. 77-617.

Although appellant asserts the unconstitutionality of the statutes and seeks extraordinary relief, its obvious complaint is that the assessed valuation of its real property is too high. This is an issue that must be determined by exhaustion of administrative remedies before resorting to the courts. In the recitation of facts in its brief, appellant states:

"In 1984, this particular problem [the assessed valuation of appellant's lots] was resolved after negotiations between the Linn County Appraiser, the Director of Property Valuation, the Board of County Commissioners of Linn County sitting as a County Board of Equalization, plaintiff Linn Valley Lakes, representatives of Sugar Valley Lakes, and representatives of the local school districts. The appraised valuation of lake lots was increased in amounts ranging from $100.00 to $350.00 per

lot *for lots owned by private individuals*. The increase was according to tiers. Mobile home and camper lots were increased from $150.00 to $250.00. Waterfront lots on the large lake were increased from $275.00 to $625.00. This was done by action of the Linn County Appraiser in 1984.

"*There was no further problem* until the Board of County Commissioners of Linn County received a letter from Victor W. Miller, the new Director, Division of Property Valuation. The letter was dated December 27, 1984. The letter pointed out that it had been the practice of the Linn County Appraiser that properties which are included in platted subdivisions are listed and valued at the sum of $100.00, while the property is in the hands of the developer, but the assessed value is changed when the property is sold to an individual owner. The Director furthermore stated that it has been the practice of the Linn County Appraiser that, in the event a sale collapses because of the failure of the purchaser to satisfy the provisions of a contract for sale, or by foreclosure, the property, when it returns to the hands of the developer, is reduced to the $100.00 value previously assessed against the property." (Emphasis added.)

As a result, appellant's lots were reassessed to conform to those of its customers. It appears clear that appellant was not concerned with the constitutionality of the various statutes so long as the tax increases were limited to individual lot owners and appellant was the recipient of preferential tax assessment.

It is obvious appellant is seeking tax relief without first exhausting the administrative remedies available and which might result in the relief sought. If unsuccessful at the administrative level of the BOTA, appellant will then have the right of appeal to the district court. In view of the decision reached herein, other issues raised by the parties need not be considered.

The judgment is affirmed.