(743 P.2d 559)

No. 60,391

In the Matter of the Appeal of NEWS PUBLISHING COMPANY, INC., from an assessment of additional sales tax.

Opinion filed October 1, 1987.

*Mark Burghart* and *Nancy E. Freund*, of Kansas Department of Revenue, of Topeka, for the appellant.

*W. Y. Chalfant*, of Branine, Chalfant & Hill, of Hutchinson, for the appellee.

Before BRISCOE, P.J., ROBERT L. GERNON, District Judge, assigned, and THOMAS W. REGAN, District Judge, assigned.

BRISCOE, J.: The Kansas Department of Revenue appeals from an order of the Board of Tax Appeals (BOTA) abating a sales tax assessment against News Publishing Company, Inc., (News Publishing) the publishers of The Hays Daily News. At issue is whether News Publishing is liable for the sales tax which was collected or should have been collected by its newspaper carriers when the carriers sold the newspapers to their customers.

The majority of the newspapers published by News Publishing are distributed by independent newspaper carriers who are mainly young people under the age of 16. News Publishing contracts with the carriers, selling the newspapers to the carriers at wholesale price, and, while indicating a suggested retail price, the individual carriers are allowed to establish their own prices. News Publishing provides no insurance for the carriers and they are not covered by workers' compensation.

When a carrier enters into a contract with News Publishing, the circulation manager informs the carrier of the obligation to collect sales tax from customers, explaining that the tax should be remitted by the carrier to News Publishing, who in turn transmits the money to the Department of Revenue. News Publishing provides each carrier with a monthly sheet to aid the carrier in computing the sales tax. If the carrier fails to remit sales tax, a written reminder is sent and, if there is no response, the circulation manager calls the carrier to remind the carrier of his or her obligation. In extreme cases, the circulation manager personally visits the carrier. If all of these actions fail, News Publishing does nothing further to sanction the carrier or otherwise collect sales tax.

In September 1983, the Department of Revenue issued to News Publishing a "Notice of Assessment of Additional Sales Tax" based on a field audit for the period from August 1, 1980, through July 31, 1983. The assessment was based on unreported taxable sales of newspapers distributed by newspaper carriers. The unreported amount of Kansas sales taxes for this period as determined by the Department of Revenue was $6,332, plus statutory penalty in the amount of $633 and interest computed through October 31, 1983, in the amount of $1,917.

News Publishing appealed the assessment to the Director of Revenue, who held News Publishing was liable for the sales tax not remitted by its carriers. The Director determined the carriers were employees or agents of News Publishing, and News Publishing was the actual retailer who was responsible for collecting and remitting the sales tax. The Director also based her decision on what appears to be an estoppel theory after finding News Publishing "undertook the obligation of collecting and remitting the sales tax to the Department of Revenue." News Publishing appealed from the Director's order to the BOTA.

The BOTA held the carriers were not employees or agents of News Publishing, but were instead independent contractors. The BOTA also held News Publishing was a wholesaler to the carriers, who were the retailers. The BOTA concluded News Publishing can only become liable for the sales tax if the provisions of K.S.A. 79-3604 are satisfied. K.S.A. 79-3604 requires the payment of sales tax by the consumer and collection by the retailer, but contains the following exception, which shifts the duty to collect and remit the sales tax from the retailer to the wholesaler (vendor):

"Whenever the director of taxation shall determine that in the retail sale of any tangible personal property or services because of the nature of the operation of the business including the turnover of independent contractors, the lack of a place of business in which to display a registration certificate or keep records, the lack of adequate records or because such retailers are minors or transients there is a likelihood that the state will lose tax funds due to the difficulty of policing such business operations, the director shall refuse to issue a registration certificate to such person and it shall be the duty of the vendor to such person to collect the full amount of the tax imposed by this act and to make a return and payment of said tax to the director of taxation in like manner as that provided for the making of returns and the payment of taxes by retailers under the provisions of this act.

*Whenever the director shall determine that it is necessary to refuse to issue a registration certificate to any retailer under the provisions of this section, he or she shall immediately notify the vendor or vendors to such retailer of such refusal and the resulting duty to collect and make a return and payment of said tax."* Emphasis added.

The BOTA relied upon 79-3604 to conclude that, because the Department of Revenue had failed to notify News Publishing of its obligation to collect the sales tax, the Department of Revenue could not assess that liability against News Publishing. The Department of Revenue filed a motion for rehearing, which was denied. The Department of Revenue then appealed directly to this court pursuant to K.S.A. 1986 Supp. 74-2426.

While the Department of Revenue raised several issues before the BOTA, in its appeal to this court it focuses upon the interpretation of 79-3604, more specifically its notice provisions. In its appeal to this court, the Department of Revenue does not assert that the carriers are employees or agents of News Publishing, or that News Publishing instead of the carriers is the actual retailer. The Department of Revenue argues 79-3604 is inapplicable to the facts of this case because the Department of Revenue had no duty to notify News Publishing of its liability until a carrier applied for a sales tax registration certification and the application was denied. The Department of Revenue points out the BOTA found that no News Publishing carrier had ever applied for or been denied a certificate of registration. News Publishing counters, and the BOTA found, that pursuant to 79-3604, its duty to collect and remit the sales tax was not triggered *until* the Department of Revenue notified News Publishing it had the duty to collect and remit the tax.

In reviewing the action of the BOTA, this court is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily, or capriciously; (2) the administrative order was substantially supported by evidence; and (3) the action was within the scope of its authority. However, while matters of assessment and taxation are administrative in character and the judiciary may not substitute its judgment for that of the administrative agency, construction of statutory language is a proper judicial function. *In re Order of Board of Tax Appeals*, 236 Kan. 406, 409-10, 691 P.2d 394 (1984).

The legislative history of 79-3604 confirms the fact that the statute was amended in contemplation of the type of carrier-publisher situation presented in the present case. The minutes of the Assessment and Taxation Committee for the period of late January to early February 1970 reflect representatives of the newspaper industry testified before the committee and indicated that, while they opposed taxation on newspapers, if the legislation were passed, the industry wanted some method for the collection of the tax set forth in the statute.

This legislative history is important in that it establishes the 1970 amendment to 79-3604 was promulgated to answer the concerns of the newspaper industry should the legislature decide to no longer exempt the sale of newspapers from Kansas sales tax. The legislative history does not, however, answer the questions which we must decide — Is the statute applicable to the parties in this case; and, if applicable, did the Department of Revenue comply with the requirements of the statute when it attempted to impose the sales tax liability on News Publishing?

The entire matter of taxation is legislative and does not exist apart from statute. The legislature is empowered to provide the means and agencies for carrying out its responsibilities in matters of taxation. *Joseph v. McNeive*, 215 Kan. 270, 271, 524 P.2d 765 (1974). Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. *Capital Electric Line Builders, Inc. v. Lennen*, 232 Kan. 379, 383, 654 P.2d 464 (1982); *Randall v. Seemann*, 228 Kan. 395, 397, 613 P.2d 1376 (1980). Sales tax statutes are penal in nature and must be strictly construed in favor of the taxpayer. *J. G. Masonry, Inc. v. Department of Revenue*, 235 Kan. 497, 500, 680 P.2d 291 (1984). When there is reasonable doubt as to the meaning of a taxation statute, the statute will be construed in a manner most favorable to the taxpayer. See *Fleming Company v. McDonald*, 212 Kan. 11, 16, 509 P.2d 1162 (1973); *Equitable Life Assurance Society v. Hobbs*, 154 Kan. 1, 13, 114 P.2d 871 (1941).

The statute at issue here is clear and unambiguous. K.S.A. 79-3604 on its face requires retailers to collect the tax and subscribers (as consumers) to pay the sales tax. *Kansas City Millwright Co., Inc. v. Kalb*, 221 Kan. 658, 661, 562 P.2d 65

(1977). In addition, K.S.A. 79-3608 makes it unlawful "for any person to engage in the business of selling tangible personal property at retail . . . without a registration certificate from the director of taxation."

The Department of Revenue argues that, if the carriers/retailers never make application and are thereby never denied registration, the Department's duty to give notice to the vendor/wholesaler never arises and the Department must look to the vendor to collect and remit the sales tax. This construction of 79-3604 distorts the clear language of the statute. Under 79-3604, the duty of a wholesaler (here, News Publishing) to collect sales tax does not arise until the director of taxation has refused the retailer's application for a registration certificate and has notified "the vendor or vendors to such retailer of such refusal and the resulting duty to collect and make a return and payment of said tax."

We next address the factual issue of whether the Department of Revenue complied with the notice provision of 79-3604. In support of its argument that News Publishing had notice of its duty to collect sales tax, the Department of Revenue relies on copies of newspaper articles which appeared in The Hays Daily News when 79-3604 was amended in 1970. Since these articles appear only in the appendix of the Department of Revenue's brief and were not admitted before the BOTA, they are not properly before this court and cannot be considered. Supreme Court Rule 6.02(f), 235 Kan. lxviii. The Department of Revenue also relies on notices sent to the Kansas Press Association regarding the requirements of 79-3604. These notices were introduced before the BOTA and are included in the record on appeal. There is no evidence, however, that the Department of Revenue ever notified News Publishing directly of its obligation to collect the tax. In addition, notices sent to the Press Association, upon which the Department of Revenue relies so heavily, contain the following question and answer:

"Is it the responsibility of the Director of Revenue to notify the newspaper publisher in line with K.S.A. 79-3604 effective July 1, 1970, that the issuance of a sales tax registration certificate to an independent carrier or any retailer of newspapers has been denied and that it is the duty of the newspaper publisher to remit the sales tax?

"Answer: Yes. The following procedure will be followed in this instance. The Department of Revenue will mail a procedural outline to the newspaper publishers on June 1, 1970, instructing them to remit the retail sales tax on their sale of all papers to consumers and to independent carriers who sell to the ultimate consumer. In the event an independent carrier is not a minor or transient, and has a place of business in which to display a sales tax registration certificate or to keep records, the newspaper publisher should refer the name and address of the independent carrier to the Sales Tax Division, State Office Building, Topeka, Kansas, for review by the Director of Revenue as to the issuance of a retail sales tax certificate to the carrier. The independent carrier will be contacted by a representative of the Department of Revenue and if the sales tax application of the independent carrier is accepted, the newspaper publisher will be notified."

There is no indication in the record that this procedural outline was ever provided to News Publishing.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when it can be ascertained from the statute. *State v. Wood*, 231 Kan. 699, 701, 647 P.2d 1327 (1982). Given the clear language of K.S.A. 79-3604, we must conclude News Publishing was under no duty to collect the tax until it was notified that the carrier had been refused a certificate of registration and instructed regarding its duty to collect the tax. Since there was no evidence that News Publishing was so notified and instructed, the BOTA had substantial evidence to support its order that any sales tax owed is owed by the carriers and not by News Publishing.

As a final matter, News Publishing raises an issue regarding the constitutionality of the imposition of a duty upon the publisher to collect sales tax on behalf of the carriers. News Publishing also raised this issue before the BOTA which held that, as a quasi-judicial agency, it had to assume the statutes were constitutional, and refused to address the issue. Since administrative boards and agencies may not rule on constitutional questions, the issue of constitutionality must be raised when the case is on appeal before a court of law. *In re Residency Application of Bybee*, 236 Kan. 443, 449, 691 P.2d 37 (1984). In this case, the issue of constitutionality would have to be raised by News Publishing in this court. However, News Publishing filed no notice of cross-appeal to preserve the issue of constitutionality for decision by this court. Absent the filing of a cross-appeal, the issue of whether the statute is constitutional is not properly

before us. *Douglas v. Lombardino*, 236 Kan. 471, 490, 693 P.2d 1138 (1985).

Affirmed.