No. 32,715

WYLIE McNEAL, doing business as THE INDUSTRIAL TRAFFIC ASSOCIATION, *Appellee*, v. THE STATE HIGHWAY COMMISSION, *Appellant*.

(56 P. 2d 71)

Opinion filed April 11, 1936.

*Wint Smith*, attorney for State Highway Commission, *Edward F. Arn*, of Topeka, and *Clayton Flood*, of Hays, for the appellant.

*J. L. Denefe* and *Harold M. Slater*, both of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a judgment awarded against it and in favor of plaintiff on a claim for personal services.

Prior to March, 1933, Guy T. Helvering was appointed director of highways by the state highway commission and was subject to removal by a majority vote of the commission as provided by section 5 of chapter 225 of the Laws of 1929. In 1933 the above section was amended by section 1 of chapter 277 of the Laws of 1933 (R. S. 1933 Supp. 74-2004), approved February 16, 1933, effective April 1, 1933, the only change that we need notice being that the director held office at the pleasure of the governor. On March 13, 1933, a written document, entitled "Articles of Agreement," was executed by Industrial Traffic Association by Wylie McNeal, manager, and highway commission of the state of Kansas by Guy T. Helvering, director, whereby the association was to render certain personal services to the commission in connection with traffic service and freight

rates for a period of one year from March 13, 1933. Helvering was superseded as director of highways on April 1, 1933. On August 7, 1933, McNeal was notified that his services were no longer needed, and thereafter he was not employed by the highway commission.

On December 10, 1934, the appellee brought his action against the appellant. Omitting formal parts, his first cause of action alleged that defendant, since August 1, 1933, had refused to perform its part of the above-mentioned contract, and was indebted to plaintiff in the sum of $1,106.08. A second cause of action alleged the rendering of services and sought recovery of the same amount as on *quantum meruit*. Defendant's answer admitted execution of the alleged contract but denied authority of Helvering to make the contract, or that it was a valid contract, that the execution of the contract by Helvering eighteen days prior to the expiration of his administration was contrary to public policy, void and of no effect, and that plaintiff performed no service to the defendant after August 1, 1933.

A trial was had at which evidence was offered as to services, etc., and developing the facts from which the foregoing statement is made. The trial court concluded that the contract was valid and binding, that plaintiff had fully performed, was entitled to recover the amount sued for, and rendered judgment accordingly. Defendant's motion for a new trial was denied and it appeals, assigning as error the overruling of its demurrer to plaintiff's evidence, the entry of judgment in favor of plaintiff and against it, and the denial of its motion for a new trial.

At all times with which this action is concerned, provision for the employment and removal of employees of the state highway commission was made by statute (R. S. 1933 Supp. 74-2006), which reads as follows:

"The director of highways, subject to the approval of the state highway commission, shall have full authority to appoint a state highway engineer and such other employees as shall be necessary to carry on the work of the commission, *and shall have full authority to employ, remove, define the duties, and fix the salaries* of engineers, clerks, stenographers, and such other employees as may be necessary to carry on the work of the commission," etc. (Italics ours.)

It appears the director, and not the commission, names the employees. Assuming this contract to be that of the director, made with the approval of the commission, the act does not confer on the

director any power to enter into any contract of employment, the effect of which is to deprive him of his power to remove an employee. His power to employ is no greater than his power to remove. At the time Helvering was appointed he was subject to removal by a majority of the commission at any time, and as has been noted, his successor, appointed under an amended act, holds his office only at the pleasure of the governor. Under such circumstances, before it should be held the director, even with the approval of the highway commission, could contract with employees for fixed terms, there should be a clear, definite and certain grant of that power by specific enactment. Here there is not only an utter lack of such legislative declaration; on the contrary the statute expressly provides the director, and that means the then acting director, has the absolute power to remove employees. If plaintiff is correct in his contention the contract was good, what was there to prevent a contract being made with every employee? The year's term was only an incident; it might have been two years. What would have been the situation had the director made a contract of employment with each employee for such a term? The answer is obvious—the director would have been more powerful than the body which appointed him. The contract involved in this action must be stricken down for the reason the director had no power to make it. It must also be denounced because it was an attempt by the director to contract against his statutory powers, duties and obligations and those of any successor to his office during the term of the purported contract.

Assuming the contract to be one made by the commission and not by the director, it may be stated the above-mentioned statute does not confer such power on the commission. Appellee attempts to justify the contract under R. S. 1933 Supp. 68-407, which authorizes the commission to enter into contracts *"incident to the construction, improvement, reconstruction and maintenance of the state highway system and operation of the state highway department."* This general grant of power, if it be assumed it applies to contracts with employees, must give way to the specific provisions of R. S. 1933 Supp. 74-2006, under well recognized canons of statutory construction. In our view, however, the remaining portions of the statute relied on show the type of contracts referred to are construction and maintenance contracts, and have no reference to office employees, such as was the plaintiff here.

Our conclusion is the trial court erred in finding the alleged contract to be valid and binding and in rendering judgment thereon. Its finding in effect denied plaintiff recovery on his claim as on *quantum meruit*. In any event, the undisputed evidence prevented a recovery on the second cause of action.

The judgment of the trial court is reversed and the cause remanded with instructions to render judgment in favor of appellant.