No. 86,987

In the Matter of the Application of LIETZ CONSTRUCTION CO. For Exemption from Ad Valorem Taxation in Wabaunsee County, Kansas

(47 P.3d 1275)

Opinion filed May 31, 2002.

*J. Lyn Entrikin Goering*, of Topeka, argued the cause and was on the briefs for appellant Wabaunsee County.

*Victor W. Miller*, of Topeka, argued the cause for appellees, and *Merle Lietz* and *Nora Lietz*, appellees, were on the brief pro se.

*William E. Waters*, of Kansas Department of Revenue, was on the brief for *amicus curiae* Mark S. Beck, Director of Property Valuation.

The opinion of the court was delivered by

ABBOTT, J.: Appellant Wabaunsee County challenges the decision of the Kansas Board of Tax Appeals (BOTA) granting Merle and Nora Lietz, d/b/a Lietz Construction Company (Lietz Construction), exemptions from ad valorem property tax on machinery and equipment pursuant to K.S.A. 2001 Supp. 79-201j(a). At issue is whether Lietz Construction's bulldozers, dirt scrapers, a road grader, an excavator, and the trailers that carry them qualify as "farm machinery and equipment . . . actually and regularly used in any farming or ranching operation," within the meaning of K.S.A. 2001 Supp. 79-201j(a), and, if so, whether the statute is

unconstitutional. The appellant invoked the jurisdiction of the Court of Appeals pursuant to K.S.A. 2001 Supp. 74-2426(c)(3). The matter was transferred to this court on its own motion pursuant to K.S.A. 20-3018(c).

In February 2000, Merle and Nora Lietz filed an application for a tax exemption with BOTA. The initial request for exemption was filed with the county appraiser where the property was principally located, Wabaunsee County, pursuant to K.S.A. 1998 Supp. 79-213.

Lietz Construction indicated that "[a]ll equipment is used in our business as a soil conservation contractor doing work for farmers and ranchers as well as any other dirt work." They also indicated that no other individuals or organizations used the property.

Lietz Construction included within the application a remand order dated June 8, 1999, from BOTA entitled "In the Matter of the Application of Kramer, Douglas T. for Exemption from Ad Valorem Taxation in Jefferson County, Kansas." Originally, BOTA had denied exemption to Kramer on a dozer, dirt scraper, and ripper, pursuant to K.S.A. 79-201j, because the applicant had indicated that he also used the equipment for commercial purposes. In its order of June 9, 1999, however, BOTA complied with the judicial decision of the Shawnee County District Court and granted exemption.

Robert Miller, Wabaunsee County Appraiser, reviewed the application as required by K.S.A. 2001 Supp. 79-213. Miller found the facts as stated by the applicant to be true, but recommended that no relief be granted because the property was also used for commercial purposes. Miller did not request a hearing on the matter.

On August 17, 2000, David Patton, chairman of BOTA, sought further information from Lietz Construction concerning the use of the equipment. In a letter dated September 13, Lietz Construction responded that it was "a soil conservation contractor and [we] use our equipment 75-80 percent of the time for that purpose doing work for area farmers." In addition, it listed uses for the equipment:

"DOZERS, SCRAPERS . . . . Terraces (new and rebuild) [sic], Grassed waterways (new and rebuilt), Stockwater ponds (new & clean outs) which include pipe installation; Erosion control dams; Prepare pad sites for farm equipment sheds; work on livestock facilities (corrals, etc.); farm crossings; clean drainage ditches; livestock lagoons; fence rows . . . tree and brush removal

"GALION GRADER . . . . . . Level terraces and waterways

"Non-soil conservation uses of machinery:

"Build and grade private roads, site preparation for houses, towers, etc. a few basements, household lagoons, grade parking areas (small-med.) etc.

"All other equipment listed is used in the business in the same proportion. The 1965 Luttig trailer and 1985 Eager Beaver trailer are used in hauling our equipment from job to job, while the 1989 AAA trailer is used to haul pipe for ponds, etc. needed for the job."

BOTA notified Lietz Construction and Wabaunsee County that a hearing would be set and asked Lietz Construction to come prepared to answer questions concerning the uses of the property and whether the applicant was registered with the farm services office.

A hearing on the matter was conducted on January 10, 2001, a the Docking State Office Building in Topeka. Merle and Nora Lietz appeared without counsel to represent themselves and Lietz Construction.

Wabaunsee County submitted one exhibit, a conditional use permit issued by the Wabaunsee County Commissioners allowing Merle and Nora Lietz to operate a rock quarry on their property. Lietz Construction also submitted one exhibit consisting of photographs of the equipment and a Kansas Land Improvement Contractor Association newsletter entitled "Kansas Board of Tax Appeals Grants Property Tax Exemption to KLICA Member."

Counsel for Wabaunsee County conducted an examination of Merle Lietz at the BOTA hearing. When questioned about jobs performed other than employment on farms constructing terraces and other conservation work, Lietz responded that about 20 percent of Lietz Construction jobs were non-farm related. In regard to the rock quarry, Lietz testified that another party took rock from their property, but their equipment was only used to uncover the rock and to do the reclamation work after quarrying was finished. Lietz later reemphasized that 80 percent of time their equipment was used solely for the soil conservation reclamation and improve-

ment work and that the work at the quarry was not included in that 80 percent. Further, Lietz stated that since he had been in business there was not a year where his equipment was used less than 50 percent of the time for soil conservation or land improvement work.

Counsel for Wabaunsee County argued that the statutory term farm machinery and equipment should not be construed to include construction equipment simply because that equipment was used for constructing terraces on farms. According to Wabaunsee County, using that analysis could lead an accountant preparing tax returns exclusively for farmers to claim that his or her computer qualified as farm equipment. Wabaunsee County characterized the work being done as construction dirt work, not agriculture.

In response, Nora Lietz stated:

"I don't think we would be here . . . if we were using our equipment to contract our road construction. Our point is that we're using it for agriculture, for the benefit of agricultural purposes. And this—it's my understanding that the Attorney General has ruled that your property does not have to be used exclusively for farming operations."

BOTA issued its findings and decision in an order dated February 20, 2001. The order reads, in pertinent part:

"7. The Board finds that the subject property is actually and regularly used as farm equipment. The Board concludes that the applicant satisfies the conditions enumerated in K.S.A. 79-201j(a), and amendments thereto.

"8. The applicant has also requested an exemption for the trailer that hauls the various dozers and scrapers. The Board finds that because the dozers and scrapers that the trailer hauls is [sic] farm equipment as defined in K.S.A. 79-201(j), and amendments thereto, the trailer that hauls the dozers and scrapers can also qualify for an exemption pursuant to K.S.A. 79-201(j), and amendments thereto.

"9. The applicant should note that in the event its exempt property ceases to be used for exempt purposes, it must report that fact to the appropriate county appraiser within 30 days thereafter. See K.S.A. 79-214, and amendments thereto.

"IT IS THEREFORE, BY THE BOARD OF TAX APPEALS OF THE STATE OF KANSAS, CONSIDERED AND ORDERED that the application requesting an exemption from ad valorem taxation be granted from January 1, 2000, and each succeeding year, so long as the property continues to be used for exempt purposes. IT IS FURTHER ORDERED that any refund due and owing the applicant be made pursuant to K.S.A. 79-213(k), and amendments thereto, which limits the refund to a period not to exceed three years."

Wabaunsee County petitioned BOTA to reconsider its decision, but BOTA denied the motion on March 13, 2001, finding that no new evidence had been presented to convince it that the original order should be modified or that reconsideration should be granted. On April 12, 2001, Wabaunsee County filed its direct appeal of BOTA's order pursuant to K.S.A. 2001 Supp. 74-2426(c)(3), requesting that the Court of Appeals reverse BOTA's findings of fact and conclusions of law. Following a K.S.A. 20-3018(c) transfer, the matter is before this court and is ripe for review.

On appeal, Wabaunsee County challenges BOTA's legal determination that earth-moving equipment such as bulldozers, scrapers, road graders, and excavators used in soil conservation work for farmers may qualify for ad valorem tax exemption under K.S.A. 2001 Supp. 79-201j(a).

In an appeal from an order of BOTA, K.S.A. 77-621 controls an appellate court's scope of review. See K.S.A. 2001 Supp. 74-2426(c) (noting that BOTA's decisions are subject to review in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions).

Within The Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-621(a)(1) provides that unless "this act or another statute provides otherwise . . . [t]he burden of proving the invalidity of agency action is on the party asserting invalidity." Additionally, K.S.A. 77-621(c) specifies that this court may grant relief from an order of BOTA only if we determine that:

"(1) The agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied;

"(2) the agency has acted beyond the jurisdiction conferred by any provision of law;

"(3) the agency has not decided an issue requiring resolution;

"(4) the agency has erroneously interpreted or applied the law;

"(5) the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure;

"(6) the persons taking the agency action were improperly constituted as a decision-making body or subject to disqualification;

"(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act; or

"(8) the agency action is otherwise unreasonable, arbitrary or capricious."

Under K.S.A. 77-621, the standard of review of a BOTA decision is "somewhat broader than the traditional three-pronged scope of review as set forth in *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, Syl. ¶ 1, 436 P.2d 828 (1968)." *In re Tax Appeal of A.M. Castle & Co.,* 245 Kan. 739, 741, 783 P.2d 1296 (1989).

BOTA is considered the paramount, lawfully constituted taxing authority in Kansas. *Wirt v. Esrey,* 233 Kan. 300, 314, 662 P.2d 1238 (1983). "The party challenging the validity of BOTA's order bears the burden of proving the order's invalidity. K.S.A. 77-621(a)(1)." *In re Tax Appeal of the Boeing Co.,* 261 Kan. 508, Syl. ¶ 4, 930 P.2d 1366 (1997).

BOTA's decision involved the legal interpretation of K.S.A. 2001 Supp. 79-201j. That statute states, in pertinent part:

"The following described property, to the extent specified by this section, shall be exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:

"(a) All farm machinery and equipment. The term 'farm machinery and equipment' means that personal property actually and regularly used in any farming or ranching operation. . . .   The term 'farming or ranching operation' shall include the operation of a feedlot, the *performing of farm or ranch work for hire* and the planting, cultivating and harvesting of nursery or greenhouse products, or both, for sale or resale. The term 'farm machinery and equipment' shall not include any passenger vehicle, truck, truck tractor, trailer, semitrailer or pole trailer, other than a farm trailer, as the terms are defined by K.S.A. 8-126 and amendments thereto." (Emphasis added.)

Here, BOTA determined "that the subject property is actually and regularly used as farm equipment." On appeal, Wabaunsee County challenges BOTA's legal determination as erroneous.

"BOTA is a specialized agency that exists to decide taxation issues. BOTA's decisions should be given great credence and deference when it is acting in its area of expertise. However, if we find that BOTA's interpretation is erroneous as a matter of law, we should take corrective steps." *Boeing,* 261 Kan. at 508, Syl. ¶ 3.

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained." *West v. Collins,* 251 Kan. 657, Syl. ¶ 3, 840 P.2d 435 (1992).

" 'In determining legislative intent, courts are not limited to consideration of the language used in statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act.' [Citation omitted.]" 251 Kan. at 666.

### History of farm equipment tax exemption.

"Adopted at the Wyandotte Constitutional Convention in 1859, the original version of article 11, section 1 provided for 'a uniform and equal rate of taxation.' Between 1859 and 1974, this provision was amended three times, but all versions retained the 'uniform and equal rate of assessment and taxation' language." *Kansas Property Classification and Reappraisal: The 1986 Constitutional Amendment and Statutory Modifications*, 29 Washburn L.J. 26, 27-29 (1989).

In 1982, the legislature passed H.B. 2425, creating the statutory tax exemption for farm machinery and equipment, K.S.A. 79-201j (Ensley 1984). See L. 1982, ch. 390, sec. 3. The new statute provided that all "farm machinery and equipment" was exempt from property or ad valorem taxes levied in Kansas. L. 1982, ch. 390, sec. 3. The provision further defined farm machinery and equipment to mean "that personal property actually and regularly used exclusively in farming or ranching operations." L. 1982, ch. 390, sec. 3. Passenger vehicles, trucks, and trailers were not included in the definition of exempt equipment, unless designed or used primarily as a farm vehicle as provided in K.S.A. 8-126. See L. 1982, ch. 390, sec. 3; L. 1982, ch. 36, sec. 2.

The legislature set forth the purpose of the statutory farm machinery and equipment tax exemption in K.S.A. 79-201i. That statute reads, in pertinent part:

"It is the purpose of K.S.A. 79-201j of this act to promote, stimulate and develop the general welfare, economic development and prosperity of the state of Kansas by fostering the growth and development of agricultural endeavors within the state. Agriculture, as conducted in farming and ranching operations throughout the state, is the primary basis of the Kansas economy. Communities, regions, and the state as a whole are materially dependent upon agricultural endeavors and derive substantial financial benefit from the success of Kansas agriculture. Farming and ranching operations require the investment of large sums of capital for

the purpose of providing the land on which the operations are conducted, and the farm machinery and equipment necessary to satisfactorily carry out such endeavors. Because of agriculture's unique requirements of substantial capital investment, the property tax burden becomes a deterrent to such investment and, in some instances, and encouragement to farm and ranch abandonment. Kansas, and all its citizens, will benefit from any improvement in the economic environment of Kansas agriculture. The exemption from the ad valorem property tax of farm machinery and equipment actually and regularly used in farming and ranching operations will constitute an incentive to agriculture and will improve the general economy of the state. Considering this state's heavy reliance on agriculture, the enhancement of agricultural endeavors is deemed to be a public purpose which will promote the general welfare of the state and be for the benefit of the people of the state."

In *Farmers Co-op v. Kansas Bd. of Tax Appeals*, 236 Kan. 632, 694 P.2d 462 (1985), this court construed the language of K.S.A. 79-201j (Ensley 1984), "used exclusively in farming and ranching operations," and found an implied intent by the legislature to limit tax exemption strictly to those who actually farm or ranch. See 236 Kan. at 637. There, this court held that "property owned by a non-tax-exempt entity (custom cutters) which provides a service for profit to a qualifying tax-exempt entity is not being used exclusively for tax-exempt purposes and is subject to ad valorem and property taxes." 236 Kan. at 640.

In a companion case, *T-Bone Feeders, Inc. v. Martin*, 236 Kan. 641, 693 P.2d 1187 (1985), this court held that machinery and equipment used in commercial feedlot operations did not qualify as personal property used exclusively in farming or ranching operations under K.S.A. 79-201j (Ensley 1984). 236 Kan. at 649. In both the *Farmers Co-op* and *T-Bone Feeders, Inc.* decisions, this court focused on the statutory phrase "used exclusively" in denying tax exemption to the appellants. See *Farmers Co-op*, 236 Kan. at 636-37; *T-Bone Feeders, Inc.*, 236 Kan. at 646. Thus, the statute was narrowly interpreted to impose an exclusive use requirement.

Due to inflation and inequities in property appraisal in the 1980s, many disputed whether the existing property tax system was truly uniform and equal as required by article 11, § 1 of the Kansas Constitution. See 29 Washburn L.J. at 31-33. The legislature sought to resolve property taxation problems through sweeping re-

form. 29 Washburn L.J. at 34. As part of these reform measures, the legislature drafted an amendment to article 11, § 1 of the Kansas Constitution creating a new system of property tax classification. 29 Washburn L.J. at 26.

"Witnesses before the House and Senate Committees on Assessment and Taxation expressed their opinions and made recommendations on property tax reform. Before presenting the proposed amendment to article 11, section 1 to the voters, the legislature heard testimony concerning assessment and taxation of farm machinery and equipment . . . ." 29 Washburn L.J. at 39.

"A Kansas Farm Bureau representative requested that farm machinery be constitutionally exempt from taxation, as it is in 27 other states. [Citation omitted.] The Kansas Livestock Association (KLA) also endorsed this proposal, pointing out that personal property was 'not a good tax base because it's not a good measure of wealth or of the ability of the taxpayer to pay.' [Citation omitted.]" 29 Washburn L.J. at 39 n.60.

In 1986, Kansas voters approved the amendment to article 11, § 1. 29 Washburn L.J. at 26. Within that constitutional amendment, farm machinery and equipment, livestock, and business inventories were exempted from taxation. See 29 Washburn L. J. at 43. Article 11, § 1(b)(2) stated:

"All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, farm machinery and equipment, merchant's and manufacturer's inventories and livestock and all household goods and personal effects not used for the production of income, shall be exempted from property taxation."

In 1992, Kansas voters approved another amendment to article 11, § 1 of the Kansas Constitution. The language of the new subsection (b) did not substantially change in regard to the farm machinery and equipment exemption, however. The 1992 version of article 11, § 1(b) exempts "[a]ll property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, farm machinery and equipment, merchants' and manufacturers' inventories . . . livestock, and all household goods and personal effects not used for the production of income." L. 1992, ch. 342, sec. 1.

In addition, the legislature changed the provisions of K.S.A. 79-201j in 1992. The new statute contained provisions exempting aquaculture and Christmas tree machinery and equipment, and

enlarged the statutory definition of a farming or ranching operation. "The term 'farming or ranching operation' shall include the performing of farm or ranch work for hire." See L. 1992, ch. 102, sec. 4. The statutory definition of "farm machinery and equipment" remained "that personal property actually and regularly used exclusively in any farming or ranching operation." L. 1992, ch. 102, sec. 4.

Since 1992, article 11, § 1 of the Kansas Constitution has remained unchanged. However, the legislature has amended K.S.A. 79-201j three times. See L. 1997, ch. 122, sec. 1; L. 1999, ch. 126, sec. 2; L. 2000, ch. 139, sec. 4. In 1999, tax-exempt status was granted to machinery and equipment for the purpose of providing fuel for irrigating agricultural land. L. 1999, ch. 126, sec. 2. In 2000, K.S.A. 79-201j(a) was again enlarged to grant tax-exempt status to any greenhouse not permanently affixed to real estate used in a farming or ranching operation.

For the purpose of this appeal, the most significant statutory amendment occurred in 1997, when the legislature removed the word "exclusively" from K.S.A. 79-201j(a). Following that amendment, the statute's definition of tax-exempt farm machinery and equipment changed to "that personal property actually and regularly used in any farming or ranching operation. The term 'farming or ranching operation' shall include the operation of a feedlot and the performing of farm or ranch work for hire." L. 1997, ch. 122, sec. 1.

Article 11, § 1(b) of the Kansas Constitution.

Wabaunsee County's appeal points to the differences in the wording of the constitutional and statutory exemption for farm machinery and equipment. Wabaunsee County asserts that because the legislature drafted the farm equipment and machinery tax exemption in article 11, §1 following our 1985 *Farmers Co-op* and *T-Bone Feeders, Inc.* decisions and avers that since it made no substantive alterations to its language, the phrase "farm machinery and equipment" in article 11, § 1(b) must be construed as having the same definition this court gave to K.S.A. 79-201j(a) in 1985.

In article 11, the modifying term "used exclusively" appears before a list of specified purposes. However, the phrase "used exclusively" does not necessarily modify the remaining items in article 11, § 1(b), *i.e.*, farm machinery and equipment, inventories, livestock, household goods, and personal effects.

The Kansas Attorney General has previously reached the same conclusion. See Att'y Gen. Op. No. 97-11. In a formal opinion, the Attorney General wrote: "While the Constitution establishes an exclusive use requirement for property used for government, literary, educational, scientific, religious, benevolent and charitable purposes, it contains no such requirement for farm machinery and equipment." While an opinion of the Attorney General is neither conclusive nor binding on this court, an attorney general opinion may be persuasive authority. *U.S.D. No. 501 v. Baker*, 269 Kan. 238, 249, 6 P.3d 848 (2000).

This court interprets article 11, § 1(b) of the Kansas Constitution to simply exempt all "farm machinery and equipment" with no exclusive use requirement. The language employed in the constitutional amendment is very different from the language of the statute construed by this court in the *Farmers Co-op* and *T-Bone Feeders, Inc.* decisions. Therefore, Wabaunsee County's assertion that the *Farmers Co-op* and *T-Bone Feeders, Inc.* decisions control the interpretation of article 11, § 1(b) fails.

### Constitution and statute.

Wabaunsee County also asserts that the term "farm machinery and equipment" must have the same meaning for K.S.A. 2001 Supp. 201j(a) as for article 11, § 1 of the Kansas Constitution. Wabaunsee County contends that the adoption of the constitutional amendment containing the phrase "farm machinery and equipment" some 10 months following this court's interpretation of the same phrase in *Farmers Co-op* and *T-Bone Feeders, Inc.* supports the conclusion that the constitutional phrase has a meaning consistent with this court's 1985 interpretation.

Prior case law describes the distinction between constitutions and statutes:

"The essential difference between a constitution and a statute is that a constitution usually states general principles or policies, and establishes a foundation of law and government, whereas a statute must provide the details of the subject of the statute. A constitution, unlike a statute, is intended not merely to meet existing conditions, but to govern future contingencies." *State ex rel. Stephan v. Finney*, 254 Kan. 632, Syl. ¶ 2, 867 P.2d 1034 (1994).

"It is fundamental that the written constitution is paramount law since it emanates directly from the people." *State ex rel. Braun v. A Tract of Land*, 251 Kan. 685, Syl. ¶ 1, 840 P.2d 453 (1992). "A statute and pertinent constitutional provisions must be construed together with a view to make effective the legislative intent rather than to defeat it." *Hunt v. Eddy*, 150 Kan. 1, 5, 90 P.2d 747 (1939).

We have previously stated that portions of the 1986 constitutional amendment to article 11, § 1 of the Kansas Constitution created tax exemptions that were self-executing. *Colorado Interstate Gas Co. v. Board of Morton County Comm'rs*, 247 Kan. 654, 659, 802 P.2d 584 (1990).

" 'The rule is that a self-executing provision of the constitution does not necessarily exhaust legislative power on the subject, but any legislation must be in harmony with the constitution and further the exercise of constitutional right to make it more available. Thus, even in the case of a constitutional provision which is self-executing, the legislature may enact legislation to facilitate the exercise of the powers directly granted by the constitution; legislation may be enacted to facilitate the operation of such a provision, prescribe a practice to be used for its enforcement, provide a convenient remedy for the protection of the rights secured or the determination thereof, or place reasonable safeguards around the exercise of the right. . . .'
" 'It is clear that legislation which would defeat or even restrict a self-executing mandate of the constitution is beyond the power of the legislature.' " 247 Kan. at 659.

However, as Wabaunsee County concedes, the legislature has the general power to confer additional tax exemptions, or exemptions broader in scope through the enactment of legislation, unless constitutionally prohibited from doing so. See *In re Protest of Strayer*, 239 Kan. 136, 141, 716 P.2d 588 (1986). Wabaunsee County's argument that article 11, § 1(b) should be interpreted in keeping with the *Farmers Co-op* and *T-Bone Feeders, Inc.* decisions seemingly ignores the different language employed in the

amendment to the Kansas Constitution, as well as the enactment of K.S.A. 79-201j in 1992. In addition, it would seem untenable to employ the definition from *Farmers Co-op* when the legislature has the power to change the statute to expand the exemption. We find Wabaunsee County's contention to be without merit.

Earth-moving equipment and K.S.A. 2001 Supp. 79-201j(a).

Wabaunsee County challenges BOTA's legal determination that earth-moving equipment such as bulldozers, scrapers, road graders, and excavators used in soil conservation work for farmers may qualify for ad valorem tax exemption under K.S.A. 2001 Supp. 79-201j(a) and the Kansas Constitution. Under K.S.A. 77-621(c)(4), this court may grant relief from BOTA's order upon a determination that the agency erroneously interpreted the law. As discussed above, the Kansas Constitution simply exempts all "farm machinery and equipment" with no exclusive use requirement.

K.S.A. 2001 Supp. 79-201j exempts "(a) All farm machinery and equipment. The term 'farm machinery and equipment' means that personal property actually and regularly used in any farming or ranching operation. . . . The term 'farming or ranching operation' shall include the operation of a feedlot and the performing of farm or ranch work for hire."

Wabaunsee County's argument appears to concede that a party's performance of typical or traditional farm or ranch work for hire would bring that party's equipment within the exemption provided by the statute. Wabaunsee County does not contest BOTA's determination that the performance of farm work for hire is included in the statute. Thus, we may narrow our inquiry. The primary issue presented is whether soil conservation reclamation and improvement work conducted on a farm or ranch is "farm or ranch work."

In construing an exemption to taxation, well-recognized rules of construction apply.

" 'Taxation is the rule, and exemption from taxation the exception under the Kansas Constitution and statutes. [Citation omitted.] Constitutional and statutory provisions exempting property from taxation are to be strictly construed against the one claiming exemption. [Citation omitted.] Where the language of a statute, in particular, is relied upon as creating an exemption from taxation, it must be strictly construed against the party claiming the exemption . . . . [Citation omitted.]

Strict construction, however, does not warrant unreasonable construction. [Citations omitted.]' " *Board of Sedgwick County Comm'rs v. Action Rent to Own, Inc.*, 266 Kan. 293, 301, 969 P.2d 844 (1998) (citing *In re Tax Exemption Application of City of Wichita*, 255 Kan. 838, 842, 877 P.2d 437 [1994]).

To aid in our interpretation the terms "farming or ranching operation," and "farm or ranch work" found in K.S.A. 2001 Supp. 79-201j(a), we will examine other statutes and the ordinary meaning of "farming." K.S.A. 79-3606(t) states that "[f]arming or ranching shall include the operation of a feedlot and farm and ranch work for hire and the operation of a nursery." K.S.A. 17-5903(h) states that " '[f]arming' means the cultivation of land for the production of agricultural crops, the raising of poultry, the production of eggs, the production of milk, the production of fruit or other horticultural crops, grazing or the production of livestock." A farmer's cultivation of land generally necessitates work to prepare the land for crops.

Webster's New Collegiate Dictionary 412 (1981) defines farming as "the practice of agriculture." Agriculture is defined as "the science or art of cultivating the soil, producing crops, and raising livestock and in varying degrees the preparation of these products for man's use and their disposal (as by marketing)." Webster's at 24. Here, we must determine whether soil conservation work on a farm fits within the plain meaning of the term "farming."

The legislature has declared that

"it is necessary that land-use practices contributing to soil wastage and soil erosion be discouraged and discontinued, and appropriate soil-conserving land-use practices and structural works of improvement be adopted and carried out; that among the procedures necessary for widespread adoption, are the carrying on of engineering operations such as the construction of terraces, terrace outlets, check-dams, dikes, ponds, ditches, detention dams . . . ." K.S.A. 2-1902 C.

"Soil erosion represents the loss of valuable soil and thus can threaten the long-term sustainability of agriculture in a particular area.

. . . .

"The most significant soil conservation provisions since 1935 were included in the Food Security Act of 1985. The conservation provisions in that legislation were intended to preserve cropland and protect the environment at the same time. The Act gave farmers three choices for highly erodible lands. They could enroll that land in a conservation reserve program, removing it from production for 10 years in return for annual rental payments from the federal government.

They could continue cultivating it, but only with an approved conservation plan. If they had not cultivated it before 1985, they could begin cultivation only with an approved conservation plan. Without that plan, they were ineligible for most federal farm benefits and commodity programs." Dernbach, *U.S. Adherence to its Agenda 21 Commitments: a Five-year Review*, 27 E.L.R. 10504 (1997).

We conclude that soil conservation measures are generally understood to be an integral part of the cultivation of the soil in current farming practices. Therefore, we do not find that BOTA erroneously interpreted the law when it determined that earth-moving equipment such as bulldozers, scrapers, road graders, and excavators used for soil conservation work on farms may qualify for ad valorem tax exemption under K.S.A. 2001 Supp. 79-201j(a) and the Kansas Constitution. Further, we find that BOTA did not err by disregarding judicial precedent in its construction and application of K.S.A. 2001 Supp. 79-201j(a).

Constitutionality of K.S.A. 2001 Supp. 79-201j(a).

On appeal, Wabaunsee County raises numerous constitutional issues. These issues were not raised before BOTA by Wabaunsee County.

"Clearly . . . BOTA is not vested with the authority to determine the constitutionality of a statute." *Zarda v. State*, 250 Kan. 364, 370, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992). "A challenge to the constitutionality of a statute is a question of law. Our scope of review is, accordingly, unlimited. [Citation omitted.]" *State v. Ponce*, 258 Kan. 708, 709, 907 P.2d 876 (1995). "Where there are no issues raised which lend themselves to administrative determination and the only issues present either require judicial determination or are subject to judicial de novo review, it follows that plaintiffs should be permitted to seek court relief without first presenting the case to the administrative agency." *Zarda*, 250 Kan. 364, Syl. ¶ 2.

Because the constitutional issues presented do not lend themselves to administrative determination and are subject to de novo review, they are properly before this court even though they were not first argued before BOTA. Therefore, we will consider each constitutional challenge raised by Wabaunsee County in its turn.

Wabaunsee County contends that if this court endorses BOTA's broad construction of "farm machinery and equipment," the core operative terms of K.S.A. 2001 Supp. 79-201j(a) will have no settled meaning, rendering the statute void for vagueness.

The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken, it must clearly appear the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. See *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 300, 955 P.2d 1136 (1998).

" ' "A statute will not be declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined, or having a settled meaning in law." [Citation omitted.] "At its heart the test for vagueness is a commonsense determination of fundamental fairness." ' " *J.G. Masonry, Inc. v. Department of Revenue*, 235 Kan. 497, 502, 680 P.2d 291 (1984).

In its brief, Wabaunsee County implies that because tax statutes impose monetary penalties and criminal liability, this court should review tax statutes using the same standard of review for vagueness used for criminal statutes. However, the statute in question is one granting tax exemption, not imposing a tax penalty. Because K.S.A. 2001 Supp. 79-201j does not prescribe any penalty or criminal liability, it is not criminal or quasi-criminal; rather, it is a civil statute.

Decisions from the United States Supreme Court, Tenth Circuit, and United States District Court for the District of Kansas indicate that civil statutes are subject to a less stringent vagueness review than criminal or quasi-criminal statutes. See *Hoffman Estates v. Flipside, Hoffmann Estates*, 455 U.S. 489, 495-96, 71 L. Ed. 2d 362, 102 S. Ct. 1186 (1982); *In re Higginbotham*, 111 Bankr. 955, 965-966 (Bankr. N.D Okla. 1990); *In re Heller*, 160 Bankr. 655 (D. Kan. 1993).

"Where 1st Amendment freedoms are not concerned, the rule is that a statute is unconstitutionally vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." 160 Bankr. at 661 (citing

*Coates v. City of Cincinnati,* 402 U.S. 611, 614, 71 L. Ed. 2d 214, 91 S. Ct. 1686 [1971], and *Hoffman Estates,* 455 U.S. at 495).

The tax exemption granted by article 11, § 1(b) of the Kansas Constitution and K.S.A. 2001 Supp. 79-201j(a) sets forth a right or privilege, not a penalty. Therefore, the statute is unconstitutionally vague only if it is so unspecific as to expose taxpayers to judicial whim without "guidance or constraint." *Yick Wo v. Hopkins,* 118 U.S. 356, 367, 30 L. Ed. 220, 6 S. Ct. 1064 (1886).

K.S.A. 2001 Supp. 79-201j(a) exempts "[a]ll farm machinery and equipment. The term 'farm machinery and equipment' means that personal property actually and regularly used in any farming or ranching operation. . . . The term 'farming or ranching operation' shall include the operation of a feedlot and the performing of farm or ranch work for hire."

"The Constitution does not require the legislature to incorporate Webster's into each statute in order to insulate it from vagueness challenges." *In re Kelly,* 841 F.2d 908, 916 (9th Cir. 1988). We find the language of K.S.A. 2001 Supp. 79-201j(a) describes the exemption for farm machinery and equipment sufficiently to withstand constitutional scrutiny for vagueness.

Wabaunsee County also maintains that K.S.A. 2001 Supp. 79-201j(a), together with K.S.A. 2001 Supp. 79-213(l)(1), create a statutory scheme delegating unilateral power to confer tax exemptions on unelected county appraisers in violation of the separation of powers doctrine of the Kansas Constitution.

A challenge to the constitutionality of a statute is one of law, and our review is de novo and unlimited. *State v. Bryan,* 259 Kan. 143, 145, 910 P.2d 212 (2000).

K.S.A. 2001 Supp. 79-213 generally describes the process through which a taxpayer may request an exemption from the payment of ad valorem property taxes that have already been assessed. It also sets forth the procedure for filing an appeal of the county appraiser's determination of exemption to BOTA. Subsection (l) states: "The provisions of this section shall not apply to: (1) Farm machinery and equipment exempted from ad valorem taxation by K.S.A. 79-201j, and amendments thereto." K.S.A. 2001 Supp. 79-213(l).

Wabaunsee County asserts that under K.S.A. 2001 Supp. 79-213(l), where farm machinery and equipment already has or gains exempt status by virtue of the county appraiser's determination, no one may file for an appeal of that determination to BOTA. Wabaunsee County presents a tortured argument that in the absence of a procedural remedy for other taxpayers who must bear a heavier tax burden when property receives an exemption, the legislature must provide reasonably definite standards in the exemption statute.

K.S.A. 2001 Supp. 79-201j provides tax exemption for all farm machinery and equipment that is personal property "actually and regularly used in any farming or ranching operation" including "the performing of farm or ranch work for hire."

"Great latitude is granted to the legislature to delegate certain functions to the administrative branch of government. Courts start with the presumption that the legislature and the people have the right to assume that public officials will exercise their express and implied powers fairly, honestly, and reasonably. While standards must accompany a delegation of authority, great leeway should be allowed the legislature in setting forth guidelines or standards, and the use of general rather than minute standards is permissible. When the standard expressed in the statute is merely a finding of necessity, such a determination of need is constitutionally adequate when coupled with the assumption that it will be made fairly, honestly, and reasonably." *State ex rel. Tomasic v. Unified Gov't of Wyandotte County/Kansas City*, 265 Kan. 779, Syl. ¶ 12, 962 P.2d 543 (1998).

County appraisers are public officials, and, therefore, the legislature has the right to assume that a county appraiser will exercise his or her express and implied powers fairly, honestly, and reasonably. We find that the legislature has sufficiently expressed the standards to be used in determining the farm machinery and equipment tax exemption under K.S.A. 2001 Supp. 79-201j(a) to be constitutionally adequate.

Wabaunsee County also presented the following issue for our review: If article 11, § 1(b) requires farm machinery and equipment to be "used exclusively" for such purposes to qualify for tax exemption, did the amendment of the Kansas Constitution in 1985 effect an implicit repeal of all or part of K.S.A. 2001 Supp. 79-201j(a) to the extent that the statute confers an exemption for a class of property broader than the constitutional exemption? As

noted above, article 11, § 1(b) does not impose the requirement that farm machinery and equipment be "used exclusively" for those purposes. Therefore, because we have answered the premise of this particular issue in the negative, there is no need to address the implicit repeal challenge. Therefore, we proceed to the final unanswered constitutional challenge.

Wabaunsee County challenges K.S.A. 2001 Supp. 79-201j(a) as inconsistent with the Kansas Constitution and argues that it must be stricken as unconstitutional. Wabaunsee County contends the statute is inconsistent with article 11, § 1(b) in three ways.

" 'The rule is that a self-executing provision of the constitution does not necessarily exhaust legislative power on the subject, but any legislation must be in harmony with the constitution and further the exercise of constitutional right to make it more available. . . .

" 'It is clear that legislation which would defeat or even restrict a self-executing mandate of the constitution is beyond the power of the legislature.' " *Colorado Interstate Gas Co.*, 247 Kan. at 659.

First, Wabaunsee County makes the statement that the statute is narrower than the constitutional exemption and must be stricken. Wabaunsee County offers no explanation, however, of what particular aspect of the statute is narrower than the constitutional exemption. Nor is any further argument or authority presented. "While the constitutionality of a statute may be raised for the first time on appeal, if the issue is not adequately briefed to challenge the presumption of constitutionality, it is deemed abandoned. *McKissick v. Frye*, 255 Kan. 566, 578, 876 P.2d 1371(1994)." *Kansas Human Rights Comm'n v. Dale*, 25 Kan. App. 2d 689, 694-95, 968 P.2d 692 (1998).

Second, Wabaunsee County states that since the statute excludes passenger vehicles, trucks, trailers, etc., from the definition of farm machinery and equipment, these exclusions are inconsistent with the self-executing constitutional amendment.

K.S.A. 2001 Supp. 79-201j(a) states that "[t]he term 'farm machinery and equipment' shall not include any passenger vehicle, truck, truck tractor, trailer, semitrailer or pole trailer, other than a farm trailer, as the terms are defined by K.S.A. 8-126 and amendments thereto." The definition of "farm trailer" in K.S.A. 8-126(z)

includes every trailer and semitrailer "designed and used primarily as a farm vehicle."

"The maxim *expressio unius est exclusio alterius, i.e.,* the inclusion of one thing implies the exclusion of another, may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citation omitted.] Under this rule, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. [Citation omitted.]" *In re Marriage of Killman,* 264 Kan. 33, 42, 955 P.2d 1228 (1998).

Webster's New Collegiate Dictionary 682 (1981) defines machinery as "machines in general or as a functioning unit," and equipment is defined as "the implements used in an operation or activity." Taken together, these terms indicate legislative intent to exempt those machines and implements, including farm trailers, used in a farming or ranching operation. The terms, however, do not indicate an intent to exempt vehicles generally used for personal transportation or for the transportation other than of farm machinery or equipment. Therefore, the statute's exclusion of passenger vehicles, trucks, and other trailers that are not farm trailers from the definition of farm machinery and equipment does not conflict with article 11, § 1(b).

We find that the exclusions contained in K.S.A. 2001 Supp. 79-201j(a) are in harmony with the constitutional exemption of farm machinery and equipment. Wabaunsee County's assertion of constitutional violation fails.

Third, Wabaunsee County argues that the 1999 statutory amendment expanded the exemption to include a natural gas distribution system, which is arguably beyond the meaning of farm machinery and equipment as used in the Kansas Constitution. K.S.A. 2001 Supp. 79-201j(a)(1) exempts "[m]achinery and equipment comprising a natural gas distribution system which is owned and operated by a nonprofit public utility . . . operated predominantly for the purpose of providing fuel for the irrigation of land devoted to agricultural use."

" ' "While the constitution provides that certain property shall be exempt from taxation, it does not declare that other exemptions may not be made, but does

provide that property subject to taxation shall be taxed at a uniform and equal rate. So it has been held that the enumerated exemptions must be made, but that more exemptions may be made by the legislature. [Citations omitted.]" ' " *Woman's Club of Topeka v. Shawnee County*, 253 Kan. 175, 187-88, 853 P.2d 1157 (1993).

The statutory exemption for natural gas distribution systems used predominantly to provide fuel for agricultural irrigation is not in conflict with the constitutional exemption for farm machinery and equipment. The legislature has the power to create further tax exemptions and Wabaunsee County's assertion of error in this regard fails.

### Lietz Construction's equipment.

The final issue is whether BOTA correctly determined that Lietz Construction's equipment qualified for tax exemption under K.S.A. 2001 Supp. 79-201j(a). Wabaunsee County complains that Lietz Construction failed to present substantial competent evidence to meet its burden of clear proof.

Under K.S.A. 77-621(c)(7), this court may grant relief from BOTA's decision if

"the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act."

To reach the conclusion that Lietz Construction's equipment qualified for the farm machinery and equipment exemption, BOTA had to first make the legal determination that the equipment in question was personal property used in a farming or ranching operation. In addition, BOTA also had to make the factual determination that the equipment was actually and regularly used in farming or in farm work for hire.

In response to a letter from David Patton, chairman of BOTA, Merle and Nora Lietz stated that Lietz Construction was "a soil conservation contractor and [we] use our equipment 75-80 percent of the time for that purpose doing work for area farmers." That letter was made part of BOTA's record.

At the BOTA hearing, Merle Lietz took an oath to tell the truth. When counsel for Wabaunsee County questioned him about jobs performed other than employment on farms constructing terraces and other conservation work, Lietz responded that about 20 percent of Lietz Construction jobs were non-farm related. In regard to the rock quarry, Lietz testified that another party took rock from their property, but their equipment was only used to uncover the rock and to do the reclamation work after quarrying is finished. Lietz later reemphasized that 80 percent of time their equipment was used solely for the soil conservation reclamation and improvement work and that the work at the quarry was not included in that 80 percent. Moreover, Lietz stated that since he had been in business there was not a year where his equipment was used less than 50 percent of the time for soil conservation or land improvement work.

There is no evidence in the record suggesting that Lietz' sworn testimony was untruthful. At the hearing and on appeal, his testimony is uncontroverted. Therefore, Lietz' testimony provided substantial competent evidence for BOTA's factual determination that Lietz Construction's equipment was actually and regularly used in farm work for hire. Viewed in light of the record as a whole, substantial evidence supports BOTA's decision.

Wabaunsee County also contends that BOTA's decision failed to adequately set forth its findings of fact and conclusions of law, precluding meaningful judicial review. It notes that an administrative tribunal must set forth a concise and explicit statement of the underlying facts of record supporting its findings of fact under K.S.A. 77-526. Wabaunsee County states that this court cannot perform a meaningful review of the case under the standards of K.S.A. 77-621(c)(3) and (7) unless it remands this matter to BOTA for further fact finding.

Under K.S.A. 77-621(c), an appellate court may grant relief if it determines that: "(3) the agency has not decided an issue requiring resolution," or "(7) the agency action is based on a determination of fact . . . not supported by evidence that is substantial."

In its order, BOTA found:

"7. The Board finds that the subject property is actually and regularly used as farm equipment. The Board concludes that the applicant satisfies the conditions enumerated in K.S.A. 79-201j(a), and amendments thereto.

"8. The applicant has also requested an exemption for the trailer that hauls the various dozers and scrapers. The Board finds that because the dozers and scrapers that the trailer hauls is [*sic*] farm equipment as defined in K.S.A. 79-201(j), and amendments thereto, the trailer that hauls the dozers and scrapers can also qualify for an exemption pursuant to K.S.A. 79-201(j), and amendments thereto."

We have already determined that substantial evidence supports BOTA's factual determination. As for Wabaunsee County's contention that BOTA may have left an issue unresolved in contravention of K.S.A. 77-621(c)(3), it fails to outline what issue may have been left unresolved. Wabaunsee County simply complains that BOTA made virtually no explicit findings of material fact and failed to articulate any standard for determining whether earthmoving equipment met the requirements of K.S.A. 2001 Supp. 79-201j(a) and whether the trailers met the requirements of K.S.A. 8-126(z). In essence, Wabaunsee County is disputing BOTA's legal conclusions, not its factual findings.

We have approved BOTA's interpretation of K.S.A. 2001 Supp. 79-201j(a), allowing ad valorem tax exemption for equipment used in soil conservation work for farmers. We also find that BOTA's determinations of fact were based on substantial evidence. For the reasons discussed, Wabaunsee County's numerous claims of error fail.

Affirmed.