FILED
United States Court of Appeals
Tenth Circuit

January 25, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KIMBERLY B. ALDERFER,

Plaintiff - Appellant,

v.

THE BOARD OF TRUSTEES OF
THE EDWARDS COUNTY
HOSPITAL AND HEALTHCARE
CENTER,

Defendant - Appellee.

No. 06-3341

D. Kan.

(D.C. No. 05-CV-1084-MLB)

ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **BRORBY**, and **GORSUCH**, Circuit Judges.


Kimberly Alderfer filed a civil rights complaint against her former

employer, the Board of Trustees of Edwards County Hospital and Healthcare

Center (the Board), alleging she was terminated in breach of her employment

agreement and in violation of her due process rights. The district court granted

the Board's motion for summary judgment, concluding the Board lacked the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

authority under Kansas law to enter into an express or implied fixed-term employment contract with Alderfer and therefore no breach of contract or violation of due process occurred. We affirm.

## I. BACKGROUND

The facts necessary for resolution of this appeal are brief and undisputed. In 1996, the Board hired Alderfer as business manager of the Edwards County Hospital and Healthcare Center (the Hospital). In 1998, Alderfer became the Hospital's administrator (while still serving as its business manager) and signed a two-year employment agreement. In August 2000, September 2001 and September 2002, Alderfer and the Board entered into new employment agreements, each for a one-year term. In October 2004, the Board evaluated Alderfer's performance and gave her a raise. Approximately three months later, the Board terminated her.

Alderfer sued the Board under 42 U.S.C. § 1983 alleging it breached her employment agreement by terminating her employment without cause and violated her due process rights by not providing her pre-termination notice or a hearing. Ultimately, the Board filed a motion for summary judgment, arguing, *inter alia*, it did not have the authority to enter into an express or implied fixed-term employment contract with Alderfer and therefore any contract in existence at the time of her termination was void and unenforceable. Because there was no fixed-term employment agreement, the Board argued there was no contract to

breach and Alderfer did not have a property interest in her employment to which the protections of due process applied. The district court agreed and granted judgment in favor of the Board.

## II.  STANDARD OF REVIEW

We review *de novo* a grant of summary judgment, applying the same legal standard used by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182 (10th Cir. 1995). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review de novo a district court's interpretation of state law. *Enfield ex rel. Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1247 (10th Cir. 2000). In Kansas, "when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Brown v. Bd. of Educ., Unified Sch. Dist. No. 333, Cloud County, Kan.*, 928 P.2d 57, 64 (Kan. 1996) (quotations omitted).

## III.  DISCUSSION

Alderfer argues the district court erred in concluding the Board did not have the authority to enter into a fixed-term employment contract, thereby precluding her breach of contract and due process claims.  She asserts Kan. Stat. Ann. § 19-4611(d) expressly gives the Board the authority to contract for the

management of a hospital with any person upon such terms and conditions as it deems necessary. Alderfer also contends the Board's authority to enter into a fixed-term employment agreement can be implied from the statutes allowing it to contract for the lease of real and personal property and excluding it from Kansas' cash-basis law.[1]

The Board relies on Kan. Stat. Ann. § 19-4610(a), which authorizes a hospital board "to appoint an administrator, to fix the compensation thereof, and to remove such administrator." It asserts this language does not authorize it to enter into a fixed-term employment contract with a hospital administrator. Therefore, the Board contends its employment agreements with Alderfer were void and unenforceable. Consequently, it argues there was no contract to breach and Alderfer had no property interest protected by due process.

In Kansas, governmental agencies and corporations, including municipal corporations, are creatures of the legislature and have only such powers as are conferred by law or as may be necessarily implied to give effect to those powers specifically granted. *In re Petition of City of Shawnee*, 687 P.2d 603, 613 (Kan. 1984); *Wiggins v. Housing Auth. of Kansas City, Kan.*, 916 P.2d 718, 720 (Kan.

---

[1] Kansas' cash-basis law makes it unlawful "for the governing body of any municipality to create any indebtedness in excess of the amount of funds actually on hand in the treasury of such municipality at the time for such purpose . . . ." Kan. Stat. Ann. § 10-1112.

Ct. App. 1996).[2] This includes the power to contract -- a governmental agency or municipal corporation can only enter into such contracts that it has been granted authority to make and all persons contracting with such agency or corporation are deemed to know its limitations. *See Gragg v. Unified Sch. Dist. No. 287,* 627 P.2d 335, 338 (Kan. Ct. App. 1981) (because a school district is a creature of statute, it "has only such power and authority as is granted by the legislature and its power to contract, including contracts for employment, is only such as is conferred either expressly or by necessary implication"); *see also Wiggins*, 916 P.2d at 720 ("The law has made it clear that persons contracting with a municipal corporation must inquire into the power of the municipal corporation and must at their peril know the authority of the municipal corporation."). Any attempt by a governmental agency or municipal corporation to enter into a contract in violation of its authority will be considered void and unenforceable and no further inquiry into its validity is necessary. *Wiggins*, 916 P.2d at 721; *see also Blevins v. Bd. of County Comm'rs of County of Douglas*, 834 P.2d 1344, 1351 (Kan. 1992) ("If a municipal corporation enters into a contract it has no power to make, it is ultra vires and unenforceable and no further inquiry into the contract's validity is necessary.").

---

[2] In the district court, neither party cited authority demonstrating the Board is a governmental agency or municipal corporation. However, because the parties presumed it was and there was legal support for it, the district court proceeded on that basis. Absent argument to the contrary, we do the same.

A. Express Authority

The Edwards County Hospital and Healthcare Center was organized pursuant to the Hospital and Related Facilities Act, Kan. Stat. Ann. §§ 19-4601 to -4626. Section 19-4605 requires the County Commission to elect or appoint a board to manage and control the hospital. Sections 19-4610 and 19-4611 expound on a hospital board's powers. Relevant here are §§ 19-4610(a) and 19-4611(d).

Section 19-4610(a) provides in relevant part: "The board is authorized to *appoint* an administrator, to fix the compensation thereof, and to *remove* such administrator." (Emphasis added). Under Kansas law, such language does not authorize a hospital board to override the general rule of employment-at-will, *Wiggins*, 916 P.2d at 721, and enter into a fixed-term employment contract with an administrator. *See Stoldt v. City of Toronto, Kan.*, 678 P.2d 153, 159-60 (Kan. 1984) (concluding Kan. Stat. Ann. § 15-204, allowing the mayor to "appoint" police officers and a majority of the city council to "remove" them did not provide for any term of office and therefore plaintiff had no constitutionally protected property interest in his employment); *McNeal v. State Highway Comm'n,* 56 P.2d 74, 75 (Kan. 1936) (concluding statute authorizing the director of highways to "employ, remove, define the duties, and fix the salaries" of employees did not give director the power to enter into employment contract with employee); *Wiggins*, 916 P.2d at 720-22 (concluding neither the statute nor the resolution, both of which authorized a city's housing authority to "employ"

-6-

individuals "permanent and temporary," gave the housing authority the power to enter into fixed-term employment contracts with its employees) (quotations omitted).

In contrast, § 19-4611(d) provides:  "The board may *contract for* the management of any hospital with any person, corporation, society or association upon such terms and conditions as deemed necessary by the board."  (Emphasis added).  Under its plain terms, this statute expressly grants hospital boards the power to enter into contracts for the management of the hospital.

Given that § 19-4610(a) does not authorize a hospital board to enter into a fixed-term contract whereas § 19-4611(d) does, whether the Board had the express authority to enter into a fixed-term employment contract with Alderfer depends on which statute applies.  The district court relied on § 19-4610(a) and limited § 19-4611(d) to the practice of a hospital board contracting with a management association to take complete control over a county hospital.  We agree § 19-4610(a) is the applicable statute.

Section 19-4611(d) authorizes the board to contract with a person, corporation or association "for the management" of the hospital.  It appears the phrase "for the management" refers to a hospital board's overall duty to manage and control the hospital, which would include appointing an administrator.  Section 19-4610(a), on the other hand, refers specifically to a hospital board's power to appoint an administrator.  The agreement between the Board and

Alderfer made her the Hospital's administrator, it did not entrust her with carte blanch management rights, relegating the Board to only contractual oversight. In other words the object of the contract was not a result, but a process. Policy matters were reserved to the Board, which retained the authority to constrain her authority and control the details of her work as it deemed appropriate. The Board was her direct supervisor, annually reviewing her performance and making recommendations for improvement. Any complaints about Alderfer's performance were made to the Board. While the Board may not have actually exercised its right to control the details of Alderfer's work, it had the right to do so. *See Wallis v. Sec'y of Kan. Dep't of Human Res.*, 689 P.2d 787, 792 (Kan. 1984) (stating it is not the *actual* exercise of control but the *right* to control one's work that renders one an employee rather than an independent contractor).

Alderfer claims the district court improperly construed § 19-4611(d) as only allowing the Board to contract with a management association. She asserts the statute clearly allows the Board to contract with "any person." Alderfer misses the point. The reason § 19-4611(d) does not apply in this case is not because it limits the type of *entity* with which the Board is allowed to contract but rather because it limits the type of *conduct* for which the Board is allowed to contract. Therefore, while the statute clearly would allow the Board to contract with Alderfer as an individual for the management of the Hospital, it did not do so.

-8-

Even assuming § 19-4611(d) could be construed to apply to the employment of a hospital administrator, § 19-4610(a) still controls. Section 19-4610(a) expressly refers to the employment of the hospital administrator. Therefore, it is the more specific statute and absent evidence to the contrary, it controls over the more general (§ 19-4611(d)). *See In re Estate of Wolf*, 112 P.3d 94, 98 (Kan. 2005) ("General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling.") (quotations omitted). While recognizing the viability of this rule of statutory construction, Alderfer nevertheless claims it does not apply in this case because §§ 19-4610(a) and 19-4611(d) can be interpreted consistent with each other. We disagree. These statutes cannot be harmonized -- one authorizes a hospital board to enter into a fixed-term contract (§ 19-4611(d)) whereas the other does not (§ 19-4610(a)).

Section 19-4610(a) governs and the Board did not have the express authority to enter into a fixed-term employment contract with Alderfer.

B. Implied Authority

We also reject Alderfer's claim that the Board's authority to enter into a fixed-term employment agreement can be implied from the Hospital and Related Facilities Act. To this end, she relies on Kan. Stat. Ann. § 19-4611(a), (b) and (c), which grant hospital boards the authority to contract for the lease of personal

-9-

and real property, and § 19-4611(h), which excludes hospital boards from Kansas' cash-basis law. She argues these provisions evidence a legislative scheme to grant hospital boards the power to enter into fixed-term contracts. We disagree. To the contrary, these provisions emphasize the Kansas legislature was well-equipped to specifically grant hospital boards the power to contract when prudent – it did not do so for the employment of a hospital administrator. Nor is it necessary for the Board to enter into a fixed-term employment contract with the administrator in order to function and carry out its other duties. And, we will not assume a governmental power exists in the absence of evidence to that effect. *See Wiggins*, 916 P.2d at 721 ("[A]ny reasonable doubt as to the existence of a particular power must be resolved against its existence.").[3]

## IV. CONCLUSION

The Board had no express or implied authority to enter into a fixed-term employment contract with Alderfer. Therefore, any attempt to enter into such

---

[3] Alderfer also relies on Attorney General Opinion 99-46, in which the Kansas Attorney General addressed whether a hospital board's extension of a hospital administrator's contract for three years violated Kansas' cash-basis law. The Attorney General opined no violation occurred because § 19-4611(f) allows hospital boards to expend funds for the retention of staff and § 19-4611(h) expressly excludes hospital boards from the cash-basis law. While this opinion *factually* involved a hospital board contracting with a hospital administrator for three years, it *legally* only addressed whether such contract violated the cash-basis law. Whether the hospital board had the authority to enter into a three-year contract with a hospital administrator was not at issue. Therefore, the opinion is irrelevant. In any event, we are not bound by it. *See In re Lietz Constr. Co.*, 47 P.3d 1275, 1285 (Kan. 2002) (while an Attorney General Opinion may be persuasive authority, it is neither conclusive nor binding on a court).

-10-

contract, either express or implied, is *ultra vires* and unenforceable. *See Blevins*, 834 P.2d at 1351 (a governmental agency or municipal corporation "cannot be made liable either on the theory of estoppel or implied contract, where it had no capacity to make the contract") (quotations omitted); *Wiggins*, 916 P.2d at 721-23 (because housing authority had no authority to enter into a fixed-term contract, any implied employment contract was void and unenforceable). Because no valid fixed-term employment contract existed, no breach of contract occurred. *See City of Andover, Kan. v. Sw. Bell Tel. L.P.*, 153 P.3d 561, 565 (Kan. Ct. App. 2007) (to recover for breach of contract, a plaintiff must show a contract exists).

Moreover, in the absence of a fixed-term employment contract, Alderfer was an at-will employee. *See Wiggins*, 916 P.2d at 721 ("Kansas is an 'employment-at-will' state in which the general rule is that, absent an express or implied contract between employer and employee governing the tenure of employment, either party may terminate the employment relationship at any time with or without cause."). In this capacity, she had no property interest in her employment to which the protections of due process applied. *See Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1135 (10th Cir. 1994) (in order to be entitled to due process, employee must have protected property interest in employment defined by state law); *Dickens v. Snodgrass, Dunlap & Co.*, 872 P.2d 252, 259 (Kan. 1994) ("An 'at-will' employee has no property interest in employment").

**AFFIRMED.**

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge